QUEEN ANNE'S CONSERVATION
ASSOCIATION, Plaintiff,

v.

UNITED STATES DEPARTMENT OF
STATE, et al., Defendants.

Civil Action No. 10–0670 CKK/DAR.

United States District Court,
District of Columbia.

Aug. 3, 2011.

Eric Robert Glitzenstein, Meyer Glitzenstein & Crystal, Washington, DC, for Plaintiff.

Michelle Lo, U.S. Attorney's Office, Washington, DC, for Defendants.

### MEMORANDUM OPINION AND ORDER

DEBORAH A. ROBINSON, United States Magistrate Judge.

Plaintiff's Petition for Fees and Costs and Supporting Memorandum (Document No. 25) is pending for determination by the undersigned. Upon consideration of the petition; Defendants' opposition thereto; Plaintiff's reply; Plaintiff's notice with respect to recent authority and Defendants' response thereto, and the entire record herein, Plaintiff's petition will be granted in part.

### BACKGROUND

The context in which the instant dispute arises is largely undisputed. In January, 2010, Plaintiff, a non-profit organization established to promote the conservation of the rural character of Queen Anne's County, Maryland, made requests of Defendants United States Department of State and United States General Services Administration pursuant to the Freedom of Information Act, 5 U.S.C. § 552, for records regarding the plans of those agencies to build a training center on two Queen Anne's County farms. Concerned by both the pace and the extent of Defendants' production of responsive documents, Plaintiff commenced this action by filing suit on April 30, 2010; approximately three weeks later, Plaintiff moved for a preliminary injunction to compel Defendants to provide Plaintiff with the responsive documents, and an index of all withheld documents, at least 30 days prior to the public comment period regarding the proposed construction of the training center. Following two telephone conferences convened by the

court (Kollar–Kotelly, J.) and a series of negotiations among the parties, Plaintiff, by June 17, 2010, agreed to the voluntary dismissal of its motion for preliminary injunction. On or about June 28, 2010, Defendants announced that they no longer intended to build the training center. *See generally* Plaintiff's Petition for Fees and Costs and Supporting Memorandum ("Plaintiff's Petition") (Document No. 25) at 1–5; Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Petition for Fees and Costs ("Defendants' Opposition") (Document No. 28) at 2–5; *see also* Joint Status Report Pursuant to the Court's Minute Order of May 20, 2010 (Document No. 6); Joint Status Report Pursuant to the Court's Minute Order of May 25, 2010 (Document No. 7); Joint Status Report Pursuant to the Court's Minute Order of June 2, 2010 (Document No. 9); Joint Status Report Pursuant to the Court's Minute Order of June 10, 2010 (Document No. 10); Stipulation and Proposed Order (Document No. 14); 06/21/2010 Minute Order; Status Report and Joint Motion for Modification of All Deadlines in Stipulation and Order of June 18, 2010, as Modified by the Court's Minute Orders of June 25, 2010 and July 2, 2010 (Document No. 18).

On August 23, 2010, the parties filed a stipulation of dismissal of all claims in this action "with the exception of the issue of attorney's fees." Stipulation of Settlement and Dismissal of All Claims Except for Attorney's Fees (Document No. 21) at 2. The stipulation included the provision that "Defendants agree that Plaintiff is entitled to an award of reasonable attorney's fees and costs." *Id.* The parties' stipulation was approved by the court on August 27, 2010. *See* Order (Document No. 22). Plaintiff filed its petition for an award of attorney's fees and cost in accordance with the court's scheduling orders. *See* 10/06/2010 Minute Order; 10/28/2010 Minute Order.

## THE PARTIES' CONTENTIONS

Plaintiff seeks an award of fees in the amount of $121,547, costs in the amount of $3,260, "plus the additional time and costs that will be associated with the fee recovery litigation[.]" Plaintiff's Petition at 1. Plaintiff principally relies upon the declaration of one of the partners of the law firm which represented Plaintiff in support of the propositions that (1) the firm charged Plaintiff "well below-market rates because of the public interest in obtaining the records [Plaintiff] sought[ ]"; (2) the firm has "extensive experience litigating FOIA and [National Environmental Policy Act] matters[,]" and the supervising attorney "is one of the nation's leading experts in open-government law and had litigated dozens of FOIA suits—including winning a major FOIA case in the U.S. Supreme Court[ ]"; (3) "this case[ ] . . . was not run-of-the-mill FOIA litigation by any stretch[ ]"; (4) "[o]nly after [Plaintiff] filed an extensive motion for injunctive relief . . . did the agencies begin to negotiate an approach whereby documents would be released in a timely manner[,]" and (5) all of the hours claimed were reasonably expended. *Id.* at 5–14; *see also* Declaration of Howard M. Crystal ("Crystal Declaration") (Document No. 25–1). Plaintiff proposes the application of "the Updated *Laffey* Matrix rates[.]" *Id.* at 9–11; *see also* Supplemental Declaration of John R. ("Jay") Falstad ("Falstad Declaration") (Document No. 25–2), ¶¶ 2–4; Declaration of Stephen L. Braga ("Braga Declaration") (Document No. 25–3), ¶¶ 3–4.[1]

---

**1.** Plaintiff submits that if the court determines that the standard "U.S. [Attorney's] Office's *Laffey* matrix [is] appropriate here," the fee award would be a total of $87,040. *Id.* at 14.

Defendants, in their opposition, submit that Plaintiff's request to recover "the staggering amount of $124,807" in a FOIA action which was resolved by the parties within four months of the date the action was commenced is "patently unreasonable." Defendants' Opposition at 1. Defendants characterize Plaintiff's request for the application of "the alternative matrix" as "inappropriate[,]" and maintain that "[e]ven properly applying the appropriate U.S. Attorney's *Laffey* matrix to this case, Plaintiff has failed to satisfy its burden of demonstrating that it is entitled to $87,040 in fees and $3,260 in costs[.]" *Id.* at 2; *see also* Declaration of Dr. Laura A. Malowane ("Malowane Declaration") (Document No. 28–4). Defendants concluded that Plaintiff's fee petition "is insufficient and unreasonable[,] ... and thus, any fee award should be denied or substantially reduced." *Id.* at 2; *see also id.* at 11–16 (statute does not authorize any award for work performed at the "administrative stage"; hours claimed for pre-filing investigation, drafting of the complaint and the motion for preliminary injunction, and negotiating the stipulation are excessive; many of counsel's time records "lump together multiple tasks, making it impossible to evaluate their reasonableness[ ]"; no recovery should be permitted for litigation activity performed after the stipulation was filed). More specifically, Defendants ask that "[i]f the Court determines that the grant of a fee award is proper, [then] the Court substantially reduce the amount of any fee award to $21,153[.]" *Id.* at 17.[2]

Plaintiff, in its reply, maintains that the number of hours it claims is reasonable; that its counsel's billing records "provide the requisite evidentiary foundation"; that it is indeed entitled to recover fees and costs for work done before the complaint was filed; that all of the hours claimed were reasonably expended, and that it is entitled to recover fees "at an appropriate market rate." Plaintiff's Reply in Support of Petition for Fees and Costs ("Plaintiff's Reply") (Document No. 29) at 7–21; *see also* Supplemental Declaration of Howard M. Crystal ("Supplemental Crystal Declaration") (Document No. 29–1).

## APPLICABLE STANDARDS

In this instance, Defendants concede that Plaintiff is eligible for and entitled to receive attorney's fees pursuant to FOIA. *See* Stipulation of Settlement and Dismissal of All Claims Except for Attorney's Fees (Document No. 22).

The Freedom of Information Act provides for the award of "reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(I). Another judge of this court has recently addressed the standards which generally apply to the determination of a reasonable award in a FOIA action. *Judicial Watch, Inc. v. U.S. Dep't of Justice,* 774 F.Supp.2d 225, 227 (D.D.C.2011).[3] "The usual method of calculating a reasonable fee amount is to multiply the hours reasonably expended in the litigation by a reasonable hourly fee, producing the lodestar amount." *Judicial Watch, Inc.,* 774 F.Supp.2d at 231–33 (internal quotations and citation omitted). "In turn, a reasonable hourly fee is determined 'according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel.' "

---

2. Defendants do not dispute the amount of costs claimed by Plaintiff.

3. *See also* Plaintiff's Notice of Recent Authority (Document No. 33); Defendants' Response to Plaintiff's Notice of Recent Authority (Document No. 34).

*Id.* (*citing Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). "For public-interest or government lawyers who do not have customary billing rates, courts in this circuit have frequently employed the '*Laffey* Matrix,' a schedule of fees based on years of attorney experience that was developed in *Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354 (D.D.C.1983), *rev'd on other grounds*, 746 F.2d 4 (D.C.Cir.1984)." *Id.* (citation omitted).

■ "[C]ourts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates." *Blum*, 465 U.S. at 896 n. 11, 104 S.Ct. 1541. To determine the appropriate hourly rate, the Circuit "recognizes that a fee applicant bears the burden of justifying the reasonableness of his requested hourly rate by showing 'at least three elements: the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community." *Covington v. District of Columbia*, 57 F.3d 1101, 1112 (D.C.Cir.1995) (citing *National Ass'n of Concerned Veterans v. Sec'y of Defense*, 675 F.2d 1319, 1325 (D.C.Cir.1982)). Courts have considered the second and third factors together, since they "are, to some degree, intertwined," involving consideration of the attorneys "experience, skill, reputation, and complexity of the case, as well as 'data concerning the prevailing market rates in the relevant community for attorneys of reasonably comparable skill, experience and reputation.'" *Salazar v. District of Columbia*, 123 F.Supp.2d 8, 12 (D.D.C. 2000). After the fee applicant has provided sufficient evidence to support the requested rate, the burden falls on the government to rebut the requested rate, but it must do so with "equally specific countervailing evidence." *Covington*, 57 F.3d at 1109.

■ The movant "has the burden of establishing the reasonableness of its fee request, ... and supporting documentation must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended[.]" *Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C.Cir.2004) (internal quotations and citations omitted); *see also In re InPhonic, Inc.*, 674 F.Supp.2d 273, 280–81 (D.D.C.2009) (fees awarded "must be reasonable in relation to the success achieved[ ]" and may be allowed only "for work related to the claim" on which the movant succeeded) (internal quotations and citations omitted).

■ Significantly, "[o]nce the Court has determined the proper lodestar amount, it has discretion to adjust that amount on the basis of certain factors." *Judicial Watch*, 774 F.Supp.2d at 232 (citations omitted). Among the factors arguably relevant here are that "a prevailing FOIA plaintiff is not entitled to an attorneys' fee award for nonproductive time or for time expended on issues on which plaintiff ultimately did not prevail[,]" (*Weisberg v. U.S. Dep't. of Justice*, 745 F.2d 1476, 1499 (D.C.Cir.1984) (internal quotations and citation omitted)), and that an upward adjustment may be permitted "to reflect unusually good ... representation 'taking into account the level of skill normally expected of an attorney commanding the hourly rate used to compute the lodestar[ ]' " (*National Ass'n Concerned Veterans*, 675 F.2d at 1328 (citation omitted)).

Where an attorney's work is inadequately documented, the D.C. Circuit has routinely reduced the amount claimed by a percentage. *See Citizens for Responsibility and Ethics in Washington v. U.S. Dep't. of Homeland Security*, Civil Action No. 08–1046 (D.D.C. April 21, 2010); *see also David v. District of Columbia*, 489

F.Supp.2d 45, 51 (D.D.C.2007) (requested award reduced "by a modest percentage in lieu of a line-by-line analysis of each entry in Plaintiff's counsel's billing records."); *Heard v. District of Columbia,* Civil Action No. 02–296, 2006 WL 2568013, at *9 (D.D.C. September 5, 2006) (approving a percentage reduction to address concerns regarding reasonableness).

## DISCUSSION

### Reasonable Rate

■ Here, Plaintiff contends that the hourly rate which should be applied is the so-called "updated" *Laffey* matrix discussed in *Salazar.* Plaintiff submits that the "updated" *Laffey* matrix should apply because it "has the distinct advantage of capturing the more relevant data because it is based on the legal services component of the Consumer Price Index rather than the general CPI on which the U.S. Attorney's Office matrix is based." Plaintiff's Petition at 9.

With respect to the attorney's billing practices, Plaintiff submits that "as its standard practice, [Plaintiff's] attorneys here charged [Plaintiff] well below-market rates because of the public interest in obtaining the records [Plaintiff] sought." Plaintiff's Petition at 6. In addition, John Falstad, the Executive Director of Queen Anne's Conservation Association, indicated that Plaintiff requested the services of the firm because the its attorneys charged rates far lower than the prevailing market rates in the area given Plaintiff's status as a non-profit organization. Supplemental Falstad Declaration, ¶ 3; *see also* Braga Declaration, ¶ 5.

Plaintiff seeks an award of fees for the work of three attorneys. Plaintiff avers that supervising attorney Eric Glitzenstein has 29 years of practice and has acquired a significant amount of expertise in FOIA matters. *See* Crystal Declaration, ¶ 4 (citing FOIA cases litigated by Mr. Glitzen-

stein). Plaintiff avers that Joshua Stebbins has 13 years of practice, and that Howard Crystal has 17 years of practice. *Id.* Regarding the prevailing market rates, Plaintiff disputes the proposition that the *Laffey* matrix, rather than the "updated" *Laffey* matrix, should be applied in this case. Plaintiff maintains that this case was not a "straightforward" or usual FOIA litigation, and that this court should therefore treat this case like *Salazar,* in which the court found that the plaintiff's attorneys demonstrated "a full grasp of the extremely complex" issues the case involved, and had "worked diligently to resolve disputed questions with opposing counsel," seeking "the Court's assistance only when absolutely necessary and without burdening the Court with inconsequential litigation." *See Salazar,* 123 F.Supp.2d at 14–15.

In *Salazar,* the plaintiffs filed a class action suit which culminated in a seven-day bench trial; here, on the other hand, the parties never appeared in court, and resolved the case by agreement within four months of the date on which it was commenced. While the circumstances of the instant case may be notable for the parties' agreements regarding the expeditious production of responsive documents, these circumstances do not present any novel or complex issues of law.

■ In *Covington,* the Circuit held that parties proposing a rate lower than the one claimed must present "a statistically reliable, well-documented, and extensive survey of the rates clients pay for a certain sub-market of legal services" in support of the request. *Covington,* 57 F.3d at 1113. Here, the declaration offered by Defendants in support of their argument that the "updated" *Laffey* matrix may not accurately represent prevailing market rates for small firm lawyers in the District of

Columbia area in 2008–2009 (Malowane Declaration at 10) is largely unrebutted.

For all of the foregoing reasons, the court finds that Plaintiff has failed to meet its burden of showing that the "updated" *Laffey* matrix rates are reasonable. Accordingly, the court will award fees at the U.S. Attorney's Office's *Laffey* matrix rates.

### Reasonable Hours

█ In this case, Plaintiff claims to have devoted a total of 217 hours to this litigation. *See* Plaintiff's Petition at 13–14. Plaintiff has provided an 11–page table of a description of tasks performed which were related to this case. *See* Howard Declaration (Document No. 25–1) Attachment C. Plaintiff, regarding the issue of "well-documented claims," asserts that the records at issue here, unlike those considered in *Role Models*, do not contain multiple day entries for identical tasks. *See* Plaintiff's Reply at 10. Nonetheless, the court finds that the descriptions of the tasks are not sufficiently detailed to permit determination of reasonableness of hours claimed. For example, a May 13, 2010 entry reads: "draft and send letter to opposing counsel regarding FOIA requests, draft edit and revise foia pi motion and circulate to glitz" and a total of 11.1 hours. *See* Crystal Declaration, Attachment C at 5. A May 12, 2010 entry reads: "draft foia pi, research/review relevant case law, draft revised foia request and circulate to client" and a total of 6.2 hours. A May 19, 2010 entry reads: "edit, review, proofread, review cases finalize and file PI motion," and a total of 8.7 hours.

For these reasons, the court finds that Plaintiff has failed to present well-documented claims. *Role Models*, 353 F.3d at 971 ("[M]any time records lump together multiple tasks, making it impossible to evaluate their reasonableness."); *see also Judicial Watch, Inc. v. U.S. Dep't of Homeland Security*, Civil Action No. 08–2133, 2009 WL 1743757, at *9 (D.D.C. June 15, 2009) (hours claimed deemed excessive where "disputed matters in this litigation were not complex and the requested records were released early in the litigation.").

### Administrative Phase

█ This court has held that "FOIA does not authorize fees for work performed at the administrative stage." *Northwest Coalition for Alternatives to Pesticides v. Browner*, 965 F.Supp. 59, 65 (D.D.C.1997) (citations omitted).

Accordingly, Plaintiff is entitled no award for activity during the administrative stage.

### Post June 18, 2010 Stipulation Phase

█ "A FOIA litigant entitled to attorney's fees may only recover fees and costs incurred in litigation." *Piper v. U.S. Dep't of Justice*, 339 F.Supp.2d 13, 23 (D.D.C. 2004) (citation omitted).

Accordingly, the undersigned finds no basis for an award of fees after the voluntary dismissal of the action by Plaintiff.

### CONCLUSION

For all of the foregoing reasons, it is **ORDERED** that Plaintiff's Petition for Fees and Costs (Document No. 25) is **GRANTED IN PART.** It is **FURTHER ORDERED** that the award to Plaintiff of attorney's fees and costs consistent with the applicable authorities and the findings set forth herein shall be determined by (1) the subtraction of all sums claimed for activity during the administrative phase; (2) the subtraction of all sums claimed for activity following Plaintiff's dismissal of this action unrelated to the fee petition; (3) the application of *Laffey* matrix rates

to the remaining hours, and (4) a 20 percent reduction of that amount.